THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-15-246-R |
| | ) | CIV-19-389-R |
| PATRICK ASFOUR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 228) filed by Defendant Patrick Asfour. The Court ordered the United States to file a response and, following Defendant's Reply, ordered a supplemental response in light of Defendant's expansion of the factual underpinnings of his ineffective assistance of counsel claim in his Reply. Upon consideration of the parties' various filings, the Court finds as follows.

28 U.S.C. § 2255 (2012) provides that prisoners in federal custody may challenge their sentences if: (1) the sentence was imposed in violation of the United States Constitution or federal law; (2) the sentencing court had no jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized sentence; or (4) the sentence is otherwise subject to collateral review. § 2255(a). Relief is available under Section 2255 only if "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted). The Court must presume "that the

proceedings leading to the conviction were correct," and the burden is on the movant to demonstrate otherwise. *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989). The Court must hold an evidentiary hearing unless the motion, files, and records conclusively show that the prisoner is not entitled to relief. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995).

The Court sentenced Defendant on July 26, 2016 to 190-months imprisonment following his guilty plea to three counts of a superseding indictment. Mr. Asfour pled guilty to counts alleging interstate travel in aid of racketeering, violation of 18 U.S.C. § 1952(a)(2) and (a)(3)(B), as well as possession with intent to distribute a Schedule I controlled substance in violation of 18 U.S.C. § 841(a)(1). He also pled guilting to carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Each count also alleged aiding and abetting. Defendant appealed to the Tenth Circuit which affirmed his conviction and sentence on December 8, 2017. Thereafter Defendant filed a Petition for Writ of Certiorari with the United States Supreme Court, which was denied.

In the instant motion, Defendant argues an ineffective assistance of counsel claim, asserting first that counsel failed to object to the Government's breach of the plea agreement. He further argues that counsel was ineffective because he failed to argue that the United States Sentencing Guidelines were being improperly applied. Defendant also argues that counsel should have challenged the amount of marijuana for which he was held accountable, arguing that it was 132 pounds, not 136 pounds as set forth in the Presentence Investigation Report. In his Reply brief, Defendant concedes that the United States did not

breach the plea agreement; he elaborated on his contention that the Court, without objection from counsel, misapplied the Sentencing Guidelines. As ordered by the Court the Government filed a supplemental brief addressing Defendant's Guidelines contentions wherein it argues counsel was not ineffective because the Guidelines were correctly applied and the marijuana weight for which Defendant was held accountable was consistent with the evidence.

To establish ineffective assistance of counsel, Defendant must show both that counsel's performance was deficient and that this deficiency prejudiced him. *See Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016). To demonstrate prejudice, Defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court may consider the two prongs in any order, *see id*. at 697; an insufficient showing on either one is fatal to an ineffective-assistance claim, *see id*. at 700.

Defendant challenges counsel's failure to object to the presentence report and the Court's sentencing on Count 2, the Travel Act violation under 18 U.S.C. § 1952, for which the relevant Sentencing Guideline provision is § 2E1.2. Section 2E1.2 provides a base level offense of the greater of 6 or "the offense level applicable to the underlying crime of violence or other unlawful activity in respect to which the travel or transportation was undertaken." § 2E1.2(a)(2). In the Presentence Investigation Report the probation officer concluded that the base level offense was 14 because the underlying offense involved a

crime of violence, citing U.S.S.G. § 2A2.2(a).[1] Defendant is correct that counsel did not object to application of this Guideline by the probation officer or to the Court's conclusion that his Travel Act claim included a crime of violence, specifically, assault and battery with a dangerous weapon, a car.

Section 2A2.2 applies when the underlying crime was aggravated assault, defined in the Commentary as "*felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon. . . .*" (emphasis in original). "*Dangerous weapon*" draws its meaning from Application Note 1 of § 1B1.1, "*an instrument capable of inflicting death or serious bodily injury,*" to include "*any instrument that is not ordinarily used as a weapon (e.g., a car . . . ) if such an instrument is involved in the offense with the intent to commit bodily injury.*" U.S.S.G. § 2A2.2 Application Note 1 (emphasis in original). The threshold under 2A2.2 is base level of 14, which does not require evidence of any actual serious bodily injury.

Defendant contends that § 2A2.3(a)(1), assault, with a base level offense of 7, if the offense involved physical contact, should have been applied in lieu of aggravated assault under § 2A2.2. This would have reduced his overall base level offense, which would have reduced the applicable guidelines sentence as to Count 2.

The reliance on 2A2.2(a) was premised in part on Defendant's use of an automobile, which he ran into a police vehicle when the officer attempted to stop the load vehicle (that

---

[1] The Superseding Indictment identified two alternative statutes as supporting the "crime of violence" portion of § 1952(a)(2), Okla. Stat. tit. 21 § 648 and 649(B), assault and battery on an OHP trooper and Okla. Stat. tit. 21 § 645, assault and/or battery with a dangerous weapon. The elements of assault and battery with a dangerous weapon under § 645 are the same as those set forth in the definition section of U.S.S.G. § 2A2.2, namely, an assault or battery with a dangerous weapon with the intent to do bodily harm. *See* OUJI-CR 4-12.

4

is, the car carrying drugs), which was transporting marijuana from California to Florida, via Oklahoma. When Oklahoma State Trooper Clint Painter attempted to stop a tan SUV driven by Mr. Asfour's co-Defendant, Mr. Asfour, according to a plan he had devised, ran his Chevrolet Tahoe into the Trooper's cruiser. Trooper Painter testified that he was traveling approximately 60 miles per hour when he activated his lights to stop the tan SUV; in his rearview mirror he watched the white Tahoe switch lanes and accelerate toward him for purposes of striking his vehicle. "He struck my vehicle with an intent to stop me, to kill me, using his vehicle as a weapon to either –" (Doc. No. 212, p. 109). Defendant's attorney objected, and the Court instructed Trooper Painter to "[j]ust tell what happened." (*Id.* at p. 110)

> He used his vehicle to strike my vehicle. His front passenger side struck my rear driver's side and he traveled the entire length of my vehicle.

*Id.*

The intent to do bodily harm is not measured by the Defendant's subjective motivation; it is measured objectively, by what someone in the victim's position might reasonably conclude from the Defendant's conduct. *United States v. Perez*, 897 F.2d 751, 753 (5th Cir. 1990). In *United States v. Morris*, 131 F.3d 1136 (5th Cir.1997), the Fifth Circuit found the evidence supported a finding that the defendant intended bodily harm when he intentionally rammed his vehicle into the agent's vehicle. *Id.* at 1139

> Courts have construed the intent to cause bodily injury as a low barrier, equating the danger of harm with the intent to cause bodily injury. The United States Court of Appeals for the Tenth Circuit, in *United States v. Hatch*, 490 F. App'x 136 (10th Cir.2012)(unpublished), held that kicking the victim in the head, because of the danger of harm associated with an injury to the head,

> demonstrated intent to cause bodily harm necessary to find that U.S.S.G. § 2A2.2 applied. . . .

*United States v. Rodella*, No. CR 14-2783 JB, 2015 WL 711941, at *17 (D.N.M. Feb. 5, 2015). In light of this authority and Trooper Painter's testimony, defense counsel was not constitutionally ineffective for failing to challenge paragraph 78 of the Presentence Investigation Report which identified § 2A2.2 as the appropriate provision of the Sentencing Guidelines. or to pursue the issue on direct appeal.

Furthermore, even if counsel had objected to paragraph 78 of the Presentence Investigation Report, the Court would have concluded that § 2A2.2 applied, because Defendant used his car, a dangerous weapon, to run into Trooper Painter's vehicle evidencing an intent to harm Trooper Painter, who testified that from his perspective it appeared Mr. Asfour intended to kill him. In short, the outcome would have been the same.

Defendant also contends counsel should have objected to the Guidelines computation for Count 3, because he had only 132 pounds of marijuana at the time of his arrest, which is a base level of 18 rather than 20 under U.S.S.G. § 2D1.1(c)(10). Defendant signed a Plea Agreement (Doc. No. 124) that included in Count 3 that "defendant knowingly or intentionally possessed 136 pounds of marijuana as charged." (Doc. No. 124). Defendant does not argue his plea was not knowing or voluntary. This language is consistent with Count 3 of the Superseding Indictment and Defendant's Plea Petition. (Doc. Nos. 62, p. 6, 123, p. 11). Accordingly, Defendant cannot establish that counsel was constitutionally ineffective for failing to assert that he should be held accountable for only

132 pounds of marijuana rather than 136 pounds, thus the base level of 20 as opposed to 18 as argued by Defendant on Count 3 was appropriate.

The Court finds that Defendant is not entitled to § 2255 relief and no evidentiary hearing is necessary. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Doc. 228] is DENIED.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that Mr. Asfour has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on Defendant's Section 2255 motion.

**IT IS SO ORDERED** this 6th day of November 2019.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE